IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>S. GATES, et al.,<br><br>    Defendants. | No. 2:20-CV-2338-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's objection, ECF No. 7, which is construed as a motion to remand the matter to state court based on defects in removal.

Plaintiff initiated this action with a complaint filed in the Sacramento County Superior Court against Defendants Gates, Malakkla, Adams, Abdulgader, McCage, Aye, Austin, Mathis, Kumar, Bright, the Secretary of Corrections, the Director of Corrections, the wardens of Salinas Valley State Prison, the California Medical Facility, Corcoran State Prison, and the California Health Care Facility, as well as the California Department of Corrections and Rehabilitation and the State of California. See ECF No. 1, pgs. 6-21. Defendants State of California, Bright, Malakkla, Adams, Burton, Abdulgader, Gates, Kumar, Cueva, Austin, and Mathis removed the action to this Court. See ECF No. 1. Though "Cueva" is listed in Defendants' notice of removal as a removing defendant, there is no "Cueva" named as a

defendant in the complaint originally filed in state court.

According to Defendants' notice of removal, Defendants Bright, Kumar, Gates, and State of California were served by the Sacrament County Sheriff's Department, Defendants Burton, Adams, Malakkla, and Abdulgader were served by the San Joaquin County Sheriff's Department, and Defendants Cueva, Austin, and Mathis were served by the Solano County Sheriff's Department.  See id. at 2.  Again, the Court notes that "Cueva" is not listed as a defendant in Plaintiff's state court complaint.  Defendants state: "These are the only defendants served in this matter and they each consent to removal."  Id.

Defendants removed the action pursuant to 28 U.S.C. §§ 1441(a) and 1446 invoking the Court's federal question jurisdiction.  See ECF No. 1, pg. 1.  Where, as here, removal is made pursuant to § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A) (emphasis added).  Any motion to remand based on a defect in removal other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  See 28 U.S.C. § 1447(c).

Within 30 days after the filing of the notice of removal, Plaintiff filed a document entitled "Plaintiff Files Missing Documents Not Included in Removal Relevant to Defendants' Requested Screening."  ECF No. 3.  Plaintiff attaches to this filing documents he states are documents relevant to screening of Plaintiff's complaint, but which Defendants did not include in their notice of removal.  See id. at 1.  With this filing, Plaintiff also provides proofs of service for the following Defendants: Warden of Salinas Valley State Prison, Warden of Corcoran State Prison, Aye, and McCabe.  See id. at 3-9.  Plaintiff states: "Thus screening must include whether the entire case is removed or if the matter is being split with some defendants in Federal Court with other defendants in State Court."  Id. at 2 (emphasis in original).  Plaintiff did not with this filing request that the matter be remanded to state court.

/ / /

/ / /

/ / /

2

    Plaintiff has also filed an objection to Defendants' notice of removal, arguing that the notice of removal violates the "unanimity rule" which, according to Plaintiff, requires all defendants who have been served to join in or consent to removal.  <u>See</u> ECF No. 7.  According to Plaintiff, while only 11 defendants joined in the notice of removal, he served 17 defendants.  <u>See id.</u>  In this filing, Plaintiff for the first time asks that the matter be remanded based on non-jurisdictional defects in the notice of removal.  <u>See id.</u> at 1.  Plaintiff contends: "the removal is procedurally flawed effecting this Court's jurisdiction, and the matter should have been <u>remanded</u>. . . ."  <u>Id.</u> (emphasis in original).

    Plaintiff's motion to remand will be denied as untimely because it was filed more than 30 days after filing of the notice of removal.  Plaintiff's objection, notwithstanding his statement to the contrary, does not affect the Court's subject matter jurisdiction.  Rather, it relates to a defect in the notice of removal <u>not</u> related to subject matter jurisdiction but related to the non-jurisdictional requirement that all defendants who have been served joint in or consent to removal.  In Plaintiff's only filing within 30 days of filing of the notice of removal – ECF No. 3 – Plaintiff does not seek remand.  Instead, he asks the Court to consider additional documents when evaluating the sufficiency of Plaintiff's complaint.  This request is addressed in a separate order issued herewith.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's filing at ECF No. 7 is construed as a motion to remand; and

    2.  So construed, Plaintiff's motion to remand is denied as untimely.

Dated:  January 3, 2022

                _____
                DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE