1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11    G. DANIEL WALKER,                      No.  2:20-CV-2338-JAM-DMC-P
12                  Plaintiff,
13         v.                                ORDER
14    S. GATES, et al.,
15                  Defendants.
16

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's objection, ECF No. 7, which is

19   construed as a motion to remand the matter to state court based on defects in removal.

20         Plaintiff initiated this action with a complaint filed in the Sacramento County

21   Superior Court against Defendants Gates, Malakkla, Adams, Abdulgader, McCage, Aye, Austin,

22   Mathis, Kumar, Bright, the Secretary of Corrections, the Director of Corrections, the wardens of

23   Salinas Valley State Prison, the California Medical Facility, Corcoran State Prison, and the

24   California Health Care Facility, as well as the California Department of Corrections and

25   Rehabilitation and the State of California.  See ECF No. 1, pgs. 6-21.  Defendants State of

26   California, Bright, Malakkla, Adams, Burton, Abdulgader, Gates, Kumar, Cueva, Austin, and

27   Mathis removed the action to this Court.  See ECF No. 1.  Though "Cueva" is listed in

28   Defendants' notice of removal as a removing defendant, there is no "Cueva" named as a

1  defendant in the complaint originally filed in state court.

2          According to Defendants' notice of removal, Defendants Bright, Kumar, Gates,

3  and State of California were served by the Sacrament County Sheriff's Department, Defendants

4  Burton, Adams, Malakkla, and Abdulgader were served by the San Joaquin County Sheriff's

5  Department, and Defendants Cueva, Austin, and Mathis were served by the Solano County

6  Sheriff's Department.  See id. at 2.  Again, the Court notes that "Cueva" is not listed as a

7  defendant in Plaintiff's state court complaint.  Defendants state: "These are the only defendants

8  served in this matter and they each consent to removal."  Id.

9          Defendants removed the action pursuant to 28 U.S.C. §§ 1441(a) and 1446

10  invoking the Court's federal question jurisdiction.  See ECF No. 1, pg. 1.  Where, as here,

11  removal is made pursuant to § 1441(a), "all defendants who have been properly joined and served

12  must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A) (emphasis

13  added).  Any motion to remand based on a defect in removal other than lack of subject matter

14  jurisdiction must be made within 30 days after the filing of the notice of removal.  See 28 U.S.C.

15  § 1447(c).

16          Within 30 days after the filing of the notice of removal, Plaintiff filed a document

17  entitled "Plaintiff Files Missing Documents Not Included in Removal Relevant to Defendants'

18  Requested Screening."  ECF No. 3.  Plaintiff attaches to this filing documents he states are

19  documents relevant to screening of Plaintiff's complaint, but which Defendants did not include in

20  their notice of removal.  See id. at 1.  With this filing, Plaintiff also provides proofs of service for

21  the following Defendants: Warden of Salinas Valley State Prison, Warden of Corcoran State

22  Prison, Aye, and McCabe.  See id. at 3-9.  Plaintiff states: "Thus screening must include whether

23  the entire case is removed or if the matter is being split with some defendants in Federal Court

24  with other defendants in State Court."  Id. at 2 (emphasis in original).  Plaintiff did not with this

25  filing request that the matter be remanded to state court.

26  / / /

27  / / /

28  / / /

2

Plaintiff has also filed an objection to Defendants' notice of removal, arguing that the notice of removal violates the "unanimity rule" which, according to Plaintiff, requires all defendants who have been served to join in or consent to removal.  <u>See</u> ECF No. 7.  According to Plaintiff, while only 11 defendants joined in the notice of removal, he served 17 defendants.  <u>See id.</u>  In this filing, Plaintiff for the first time asks that the matter be remanded based on non-jurisdictional defects in the notice of removal.  <u>See id.</u> at 1.  Plaintiff contends: "the removal is procedurally flawed effecting this Court's jurisdiction, and the matter should have been remanded. . . ."  <u>Id.</u> (emphasis in original).

Plaintiff's motion to remand will be denied as untimely because it was filed more than 30 days after filing of the notice of removal.  Plaintiff's objection, notwithstanding his statement to the contrary, does not affect the Court's subject matter jurisdiction.  Rather, it relates to a defect in the notice of removal <u>not</u> related to subject matter jurisdiction but related to the non-jurisdictional requirement that all defendants who have been served joint in or consent to removal.  In Plaintiff's only filing within 30 days of filing of the notice of removal – ECF No. 3 – Plaintiff does not seek remand.  Instead, he asks the Court to consider additional documents when evaluating the sufficiency of Plaintiff's complaint.  This request is addressed in a separate order issued herewith.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's filing at ECF No. 7 is construed as a motion to remand; and

2.     So construed, Plaintiff's motion to remand is denied as untimely.

Dated:  January 3, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3