**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, et al.,<br><br>　　　　　Defendants. | No. 2:20-CV-02338-DAD-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, seeks relief pursuant to Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794.

Defendants State of California, D. Bright, N. Malakka, A. Adams, R. Burton, A. Abdulgader, S. Gates, and R. Kumar D. Cueva, L. Austin, and D. Mathis filed a notice of removal, and the action was removed to this Court within thirty days of service on the last-served Defendant, as required under 28 U.S.C. § 1446(b). See ECF No. 1. Pursuant to Local Rule 123, Defendants submitted a notice of related cases notifying the Court that Plaintiff had filed a related action in Sacramento Superior Court. See ECF No. 1, pg. 4.[1] Plaintiff submitted objections, see ECF No. 7, which was construed as a motion to remand but denied as untimely. See ECF No. 12.

---

[1] The related action has also been removed to the Eastern District of California. See Case No. 2:20-CV-2243-TLN-AC-P, ECF No. 1.

1

The Court ordered Plaintiff to file a single pleading containing all claims and attaching all documents he wished the Court to consider when evaluating his claims, and provided Plaintiff an opportunity to file a first amended complaint. See ECF No. 13. Now pending before the Court is Plaintiff's first amended complaint. ECF No. 17.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) S. Gates, (2) N. Malakka, (3) A. Adams, (4) D. Mathis, (5) K. Kumar, (6) K. Green, (7) J. Medina, (8) D. Overly, (9) J. Gallagher, (10) V. Singh, (11) K. Peterson, (12) Warden, Salinas Valley State Prison, (13) Warden, California Medical Facility, (14) Warden, California Health Care Facility, (15) Warden, Corcoran State Prison, (16) Secretary of Corrections, (17) Directors of Corrections, (18) California Department of Corrections and Rehabilitation ("CDCR"), and (19) State of California. See ECF No. 17, pgs. 1-2. Employees and officers of the CDCR are named in their official capacities. See

id., pg. 2. The State of California is sued through its state agencies CDCR, Salinas Valley State Prison ("SVSP"), California Medical Facility ("CMF"), Corcoran State Prison ("COR") and California Health Care Facility ("CHCF"). See id.

Plaintiff asserts three claims: (1) discrimination based on disability through refusal to obey the ADA and RA, (2) retaliation for challenging denial of disability accommodations and ineffective disability policy, and (3) denial of due process in administration of ADA accommodations. See id., pgs. 6, 8, 10. Plaintiff states that he has multiple disabilities, including confinement to wheelchair full-time due to mobility and age (97 years old), profound hearing loss, and is "legally blind from macular degeneration." Id., pg. 4. Plaintiff asserts that he qualifies for auxiliary aids and devices due to his documented disabilities, which substantially limit one or more of his major life activities, but that Defendants "hold complete control over" these auxiliary aids. See id., pg. 5.

With respect to his first claim, Plaintiff alleges that at various times, Defendants Green, Kumar, Warden of SVSP, Malakka, Medina, Warden of CMF, Overly, Gallagher, Warden of COR, Adams, Singh, Peterson, and Warden of CHCF have denied and deprived Plaintiff of auxiliary aids and devices for his vision and hearing loss, despite Plaintiff's numerous requests for accommodations. See id., pg. 6. Plaintiff further alleges that his personal purchase of ADA aids were seized from incoming mail. See id., pg. 6. Plaintiff contends that because Defendants failed to provide him with accommodations due to his disability, he was unable to read his court mail and court orders, or participate in court proceedings, and he was in "total isolation" from "assistance from fellow prisoners"; thus his cases were dismissed. Id., pg. 7. Plaintiff claims that Defendants have a duty to issue ADA accommodations, in the form of auxiliary aids and devices, to Plaintiff but have refused to do so. See id. Generally, Plaintiff alleges that by failing to provide the aids and devices, Defendants discriminated against him and deprived him of the ADA accommodations he needed to communicate and engage in his court cases. See id., pgs. 6-7. Plaintiff seeks equal access to these aids and devices. See id., pgs. 5-7.

///

///

3

As to his second claim, Plaintiff alleges that Defendants are punishing Plaintiff for challenging their actions. See id., pg. 10. Specifically, Plaintiff alleges that after Plaintiff filed a written complaint regarding Defendants' ADA policy, procedures, and practices, Defendants Green, Kumar and Warden of SVSP determined that Plaintiff could no longer file ADA requests and Defendant Green and Kumar provided state and federal agencies with false information pertaining to his disability, and that Plaintiff should not be provided Braille and Talking Books equipment. See id., pg. 8. Further, Defendant Kumar ordered Plaintiff's transfer medical equipment seized, resulting in multiple falls and injury requiring transfer from Defendant SVSP to the hospital for emergency medical care. See id. While at the hospital, Plaintiff asserts that personal property from his prison cell was seized and disposed of. See id. Defendants Medina and Warden of CMF ordered Defendant Mathis to falsify, and ordered Defendant Malakka to seal, Plaintiff's medical records to reflect no disability; as a result, Plaintiff was transferred from Defendant CMF to Defendant COR. See id., pgs. 8-9.

According to Plaintiff, in response to Plaintiff challenging Defendant Gallagher as unfit in his position as ADA coordinator, Defendant Gallagher searched Plaintiff's cell and seized dietary supplements, legal paper, court forms, and law books. See id., pg. 9. Defendants Adams, Singh, and Warden of CHCF also ordered the seizure of auxiliary aids and devices from his cell, and labeling such items as "contraband," despite Defendant Singh stating that Plaintiff could purchase, at his own expense, such auxiliary aids. See id. In response to Plaintiff challenging the seizure of such items, Defendant Peterson repeatedly ordered Plaintiff's cell to be searched. See id., pg. 10. Plaintiff was also restricted from using the library without cause. See id.

Lastly, Plaintiff alleges in his third claim that he has been denied due process as to ADA requests and decisions because Defendants Gates, Secretary, Directors, Green, Medina, Overly, Gallagher, Singh, and Peterson have devised a policy and procedure to "ensure lack of compliance" with the ADA. Id., pgs. 10-11. Plaintiff asserts that, as a result of Defendants' actions, he is limited in the manner in which he seeks ADA accommodations and is not permitted to attend the ADA accommodation hearings, where such determinations on his requests are made. See id. Plaintiff states that he has made over 70 written ADA requests without receiving

accommodation, including eye surgery, which Defendant Green denied—even though multiple physicians had approved it allegedly to save his sight. See id., pg. 11. Plaintiff alleges that Defendants have a duty to provide due process on ADA requests and decisions, but he has been denied that right as he is precluded from attending the hearings, is unable to provide his medical records as evidence supporting his ADA requests, is not permitted to confront the evidence presented by Defendants, and is prohibited from receiving the transcript from the hearing for judicial or administrative review. See id., pgs. 10-11.

Plaintiff seeks: (1) declaratory judgment that Defendants lack authority to deny Plaintiff auxiliary aids, (2) an order enjoining Defendants from precluding Plaintiff from attending, and presenting evidence at, the ADA accommodation hearings, and (3) statutory damages and attorneys' fees. See id., pg. 12.

## II. DISCUSSION

For the reasons discussed below, the Court finds that Plaintiff's first amended complaint is appropriate for service on Defendant CDCR as to Plaintiff's ADA and RA claims. Those claims, however, are not cognizable as to the individual defendants, other state agencies, or the State of California itself. The Court also finds that Plaintiff has stated a cognizable claim for retaliation under the ADA against Defendants Green, Kumar, Warden of SVSP, Medina, Warden of CMF, Mathis, Malakka, Gallagher, Adams, Singh, Peterson, and Warden of CHCF. Finally, the Court finds that Plaintiff has failed to state any cognizable due process claims, with respect to which Plaintiff will be provided an opportunity to amend should he wish to continue to pursue such claims.

### A. Discrimination Based on Disability

To state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;"

///

>and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."
>
>McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

"[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006). The Supreme Court has held that Title II of the ADA applies to state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998). While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes," Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

Plaintiff has alleged sufficient facts to show he is being denied access to services, programs, and activities as a result of the CDCR and its employees' refusal to accommodate his disabilities and the CDCR will be required to respond. However, Plaintiff's Title II claims for discrimination should not proceed against the individual Defendants.

To the extent Plaintiff is attempting to make claims against the individual Defendants in their individual capacities, he fails to state a claim because "[t]he ADA applies only to public entities." Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); 42 U.S.C. § 12131(1)(A)-(B) (defining a public entity under the ADA as any state or local government or agency of a state or local government); see also Gable v. Wash. Corr. Ctr. For Women, 857 F. App'x 918, 919 (9th Cir. 2021) (individuals not liable under Title II of the ADA); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)); A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 804 (3rd Cir. 2007) (citation omitted) (no cause of actions against individuals under RA). To the extent the individual Defendants are sued in their official capacities, such claims are equivalent to a suit against the

6

entity itself and are therefore redundant and may be dismissed. Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (citations omitted).

If Plaintiff is attempting to bring individual capacity ADA and RA claims under § 1983, he also fails to state a claim. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.").

Because it appears that all alleged violations stem from the conduct of CDCR employees or CDCR policies, it is unnecessary for the case to proceed against (1) the individual medical facilities and prisons, which are state agencies, (2) the individual defendants, or (3) the State of California.  Accordingly, Plaintiff's ADA and RA claims most properly proceed against the CDCR, the offending public entity.

### B.     Retaliation

Plaintiff alleges retaliation under the ADA against Defendants Green, Kumar, Warden of SVSP, Medina, Warden of CMF, Mathis, Malakka, Gallagher, Adams, Singh, Peterson, and Warden of CHCF.  The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

In order to state a claim for retaliation under the ADA, "a plaintiff must make out a prima facie case '(a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two.'" T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 473 (9th Cir. 2015) (quoting Emeldi v. Univ. of Or., 673 F.3d 1218, 1223 (9th Cir. 2012)) (applying Title VII retaliation standard to claims for retaliation under the ADA); see also 42 U.S.C. § 12203(b) ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by

this chapter."). "Pursuing one's rights under the ADA constitutes a protected activity." Pardi v. Kaiser Found. Hosp., 389 F.3d 840, 850 (9th Cir. 2004) (citation omitted).

As alleged, Plaintiff has stated a cognizable claim against these Defendants for retaliation. Plaintiff claims that in retaliation for filing written complaints challenging Defendants' ADA policy, procedures, and practices and his accommodation denials, Defendants have interfered with, and prevented, Plaintiff from filing additional requests for ADA accommodations, transferred Plaintiff to another institution, prevented Plaintiff from receiving ADA related accommodations or devices, seized Plaintiff's transfer medical equipment and other personal property from his cell, and restricted his library use without cause. See id., pgs. 8-10. Plaintiff has sufficiently alleged that the protected activity he engaged prompted Defendants' actions, which led to the stated adverse actions based on his disability.

**C.    Due Process**

It appears that Plaintiff asserts a procedural due process claim under the Fourteenth Amendment against Defendants Gates, Secretary and Directors of Department of Corrections, Green, Medina, Overly, Gallagher, Singh, and Peterson regarding their denial of Plaintiff's requests for accommodations and access to the ADA hearings. A viable procedural due process claim requires "deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." Krainski v. Nevada ex rel. Bd. Of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010) (citing Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998)).

The purpose of the accommodation hearing is to determine whether to grant a request for accommodation, not whether to remove one. As alleged, Plaintiff does not state facts to support a conclusion that he was at risk of being deprived of a property interest in any accommodation devices he may have been seeking and he fails to identify any specific liberty interest that was at stake. Furthermore, to the extent the accommodation request process can be considered a form of administrative grievance, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff's allegations are

8

therefore insufficient to state a due process claim. Plaintiff will nonetheless be provided an opportunity to amend if he wishes to continue to pursue a due process claim.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file a second amended complaint within 30 days of the date of this order; and

2. Defendants shall file a response within 30 days of the date of this order to Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 25.

Dated: December 20, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE