UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-02338-DAD-DMC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 9, 23) |

　　　　Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132 and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

　　　　On December 9, 2021, plaintiff filed a motion for injunctive relief. (Doc. No. 9.) On December 30, 2021, defendants, through a special appearance for defendant California Department of Corrections and Rehabilitations ("CDCR"), filed an opposition to plaintiff's motion. (Doc. No. 11.) Plaintiff filed a reply thereto on January 10, 2022. (Doc. No. 16.) A supplemental declaration was filed on behalf of CDCR on February 10, 2022 (Doc. No. 19), along with plaintiff's response (Doc. No. 20.)

/////

1        On March 9, 2022, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's pending motion for injunctive relief be denied because it failed to explain how plaintiff would suffer irreparable harm absent the granting of relief and did not demonstrate that plaintiff was likely to succeed on the merits of his claims. (Doc. No. 23.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 2.) On March 17, 2022, plaintiff filed timely objections to the pending findings and recommendations. (Doc. No. 24.) On August 15, 2022, plaintiff filed an addendum to his objections to the pending findings and recommendations. (Doc. No. 27.)

In plaintiff's motion, he asked the court to order that he be provided with nine different auxiliary aids that he had ordered. (Doc. No. 9.) According to defendant's opposition, plaintiff only received approval to possess one of the nine auxiliary aids and was offered that item (an assisted listening device) and another (nail clippers), but plaintiff refused to accept them both unless all of the other auxiliary aids were also provided to him. (Doc. No. 11 at 3.) Although plaintiff explained in his pending motion that he is disabled, he did not offer any explanation regarding how he faces irreparable harm absent the granting of injunctive relief. Nor did plaintiff explain how he was likely to succeed on the merits of his underlying claims. Accordingly, the magistrate judge concluded that plaintiff failed to carry his burden in connection with the pending motion.

In his objections to the pending findings and recommendations, plaintiff contends that the magistrate judge: (i) failed to sufficiently set out the facts of the dispute in the findings and recommendations; (ii) misstated a declaration filed by defendants; (iii) mistakenly shifted the burden of proof to plaintiff; (iv) failed to explain the relevance of legal authority cited in the pending findings and recommendations; and (v) has a history of misstating facts and conclusions and withdrawing orders. (Doc. No. 24.) But plaintiff does not dispute the magistrate judge's analysis and conclusion that plaintiff has failed to demonstrate that he is likely to suffer irreparable harm absent the granting of injunctive relief. Nor did plaintiff address the magistrate judge's conclusion that plaintiff had failed to demonstrate a likelihood of success on the merits,

2

1  which plaintiff has the burden to establish.  *See Gonzales v. O Centro Espirita Beneficente Uniao*
2  *do Vegetal*, 546 U.S. 418, 428 (2006) ("[T]he party seeking pretrial relief bears the burden of
3  demonstrating a likelihood of success on the merits.").  Plaintiff's remaining objections fail to
4  address the substance of the magistrate judge's analysis and conclusions.  Thus, plaintiff's
5  objections provide no basis upon which to reject the pending findings and recommendations.
6        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
7  *de novo* review of the case.  Having carefully reviewed the entire file, the court finds the findings
8  and recommendations to be supported by the record and by proper analysis.
9        Accordingly,
10       1.      The findings and recommendations issued on March 9, 2022 (Doc. No. 23) are
11             adopted in full; and
12       2.      Plaintiff's motion for injunctive relief (Doc. No. 9) is denied.
13       IT IS SO ORDERED.
14 Dated:  **January 27, 2023**
15                                             UNITED STATES DISTRICT JUDGE