IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, et al.,<br><br>　　　　　Defendants. | No. 2:20-CV-2338-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for injunctive relief. See ECF No. 25. Defendants have filed a response. See ECF No. 30.

　　　　The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In their response to the pending motion for injunctive relief, Defendants contend that it is duplicative of a prior motion for injunctive relief Plaintiff filed on December 9, 2021, which has been denied by the District Judge. See ECF No. 30 (Defendants' response); see also ECF No. 9 (December 9, 2021, motion for injunctive relief) and ECF No. 33 (District Judge order). The Court agrees.

As the Court previously explained addressing the prior motion:

> . . .Plaintiff asks the Court to order that he be provided doctor-approved visual magnifiers as well as hearing device. Defendants' supplemental declaration indicates that Plaintiff has been provided a hearing device. As to a visual magnifier, Plaintiff has not explained how he would suffer irreparable harm absent injunctive relief. Nor has Plaintiff demonstrated a likelihood of success on the merits.

ECF No. 23.

A review of the currently pending motion reflects that it is duplicative of Plaintiff's December 9, 2021, motion. Specifically, as with the prior motion, Plaintiff asks the Court to order that he be provided visual magnifiers and a hearing device. Because Plaintiff's motion for this relief has been denied by the District Judge, the Court recommend that the present duplicative motion also be denied.

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 25, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 15, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE