**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, et al.,<br><br>　　　　　Defendants. | No.  2:20-CV-02338-DAD-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, seeks relief pursuant to Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794.

On November 23, 2020, Defendants State of California, D. Bright, N. Malakka, A. Adams, R. Burton, A. Abdulgader, S. Gates, and R. Kumar D. Cueva, L. Austin, and D. Mathis filed a notice of removal, and the action was removed within thirty days of service on the last-served Defendant, as required under 28 U.S.C. § 1446(b). See ECF No. 1. Pursuant to Local Rule 123, Defendants submitted a notice of related cases contained therein notifying the Court that Plaintiff had filed a related action in Sacramento Superior Court. See ECF No. 1, pg. 4.[1] Plaintiff submitted objections, see ECF No. 7, which was construed as a motion to remand but

---

[1] The related action has also been removed to the Eastern District of California. See Case No. 2:20-CV-2243-TLN-AC-P, ECF No. 1.

denied as untimely. See ECF No. 12. On January 3, 2022, the Court ordered Plaintiff to file a single pleading containing all claims and attaching all documents he wished the Court to consider when evaluating his claims, and provided Plaintiff an opportunity to file a first amended complaint. See ECF No. 13. Plaintiff has timely filed a first amended complaint. ECF No. 17.

The Court issued an order addressing the sufficiency of Plaintiff's first amended complaint in which Plaintiff's allegations were summarized as follows:

> Plaintiff names the following as Defendants: (1) S. Gates, (2) N. Malakka, (3) A. Adams, (4) D. Mathis, (5) K. Kumar, (6) K. Green, (7) J. Medina, (8) D. Overly, (9) J. Gallagher, (10) V. Singh, (11) K. Peterson, (12) Warden, Salinas Valley State Prison, (13) Warden, California Medical Facility, (14) Warden, California Health Care Facility, (15) Warden, Corcoran State Prison, (16) Secretary of Corrections, (17) Directors of Corrections, (18) California Department of Corrections and Rehabilitation ("CDCR"), and (19) State of California. See ECF No. 17, pgs. 1-2. Employees and officers of the CDCR are named in their official capacities. See id., pg. 2. The State of California is sued through its state agencies CDCR, Salinas Valley State Prison ("SVSP"), California Medical Facility ("CMF"), Corcoran State Prison ("COR") and California Health Care Facility ("CHCF"). See id.
>
> Plaintiff asserts three claims: (1) discrimination based on disability through refusal to obey the ADA and RA, (2) retaliation for challenging denial of disability accommodations and ineffective disability policy, and (3) denial of due process in administration of ADA accommodations. See id., pgs. 6, 8, 10. Plaintiff states that he has multiple disabilities, including confinement to wheelchair full-time due to mobility and age (97 years old), profound hearing loss, and is "legally blind from macular degeneration." Id., pg. 4. Plaintiff asserts that he qualifies for auxiliary aids and devices due to his documented disabilities, which substantially limit one or more of his major life activities, but that Defendants "hold complete control over" these auxiliary aids. See id., pg. 5.
>
> With respect to his first claim, Plaintiff alleges that at various times, Defendants Green, Kumar, Warden of SVSP, Malakka, Medina, Warden of CMF, Overly, Gallagher, Warden of COR, Adams, Singh, Peterson, and Warden of CHCF have denied and deprived Plaintiff of auxiliary aids and devices for his vision and hearing loss, despite Plaintiff's numerous requests for accommodations. See id., pg. 6. Plaintiff further alleges that his personal purchase of ADA aids were seized from incoming mail. See id., pg. 6. Plaintiff contends that because Defendants failed to provide him with accommodations due to his disability, he was unable to read his court mail and court orders, or participate in court proceedings, and he was in "total isolation" from "assistance from fellow prisoners"; thus his cases were dismissed. Id., pg. 7. Plaintiff claims that Defendants have a duty to issue ADA accommodations, in the form of auxiliary aids and devices, to Plaintiff but have refused to do so. See id. Generally, Plaintiff alleges that by failing to provide the aids and devices, Defendants discriminated against him and deprived him of the ADA accommodations he needed to communicate and engage in his court cases. See id., pgs. 6-7. Plaintiff seeks equal access

to these aids and devices. See id., pgs. 5-7.

As to his second claim, Plaintiff alleges that Defendants are punishing Plaintiff for challenging their actions. See id., pg. 10. Specifically, Plaintiff alleges that after Plaintiff filed a written complaint regarding Defendants' ADA policy, procedures, and practices, Defendants Green, Kumar and Warden of SVSP determined Plaintiff could no longer file ADA requests and Defendant Green and Kumar provided state and federal agencies with false information pertaining to his disability, and should not be provided Braille and Talking Books equipment. See id., pg. 8. Further, Defendant Kumar ordered Plaintiff's transfer medical equipment seized, resulting in multiple falls and injury requiring transfer from Defendant SVSP to the hospital for emergency medical care. See id. While at the hospital, Plaintiff asserts that personal property from his prison cell was seized and disposed of. See id. Defendants Medina and Warden of CMF ordered Defendant Mathis to falsify, and ordered Defendant Malakka to seal, Plaintiff's medical records to reflect no disability; as a result, Plaintiff was transferred from Defendant CMF to Defendant COR. See id., pgs. 8-9.

According to Plaintiff, in response to Plaintiff challenging Defendant Gallagher as unfit in his position as ADA coordinator, Defendant Gallagher searched Plaintiff's cell and seized dietary supplements, legal paper, court forms, and law books. See id., pg. 9. Defendants Adams, Singh, and Warden of CHCF also ordered the seizure of auxiliary aids and devices from his cell, and labeling such items as "contraband," despite Defendant Singh stating that Plaintiff could purchase, at his own expense, such auxiliary aids. See id. In response to Plaintiff challenging the seizure of such items, Defendant Peterson repeatedly ordered Plaintiff's cell to be searched. See id., pg. 10. Plaintiff was also restricted from using the library without cause. See id.

Lastly, Plaintiff alleges in his third claim that he has been denied due process as to ADA requests and decisions because Defendants Gates, Secretary, Directors, Green, Medina, Overly, Gallagher, Singh, and Peterson have devised a policy and procedure to "ensure lack of compliance" with the ADA. Id., pgs. 10-11. Plaintiff asserts that, as a result of Defendants' actions, he is limited in the manner in which he seeks ADA accommodations and is not permitted to attend the ADA accommodation hearings, where such determinations on his requests are made. See id. Plaintiff states that he has made over 70 written ADA requests without receiving accommodation, including eye surgery, which Defendant Green denied—even though multiple physicians had approved it allegedly to save his sight. See id., pg. 11. Plaintiff alleges that Defendants have a duty to provide due process on ADA requests and decisions, but he has been denied that right as he is precluded from attending the hearings, is unable to provide his medical records as evidence supporting his ADA requests, is not permitted to confront the evidence presented by Defendants, and is prohibited from receiving the transcript from the hearing for judicial or administrative review. See id., pgs. 10-11.

Plaintiff seeks: (1) declaratory judgment that Defendants lack authority to deny Plaintiff auxiliary aids, (2) to enjoin Defendants from precluding Plaintiff from attending, and presenting evidence at, the ADA accommodation hearings, and (3) statutory damages and attorneys' fees. See id., pg. 12.

ECF No. 29, pgs. 2-5.

1         The Court found that Plaintiff's first amended complaint is appropriate for service on Defendant CDCR as to Plaintiff's ADA and RA claims. See id. at 5. The Court also determined that Plaintiff's first amended complaint states cognizable claims for retaliation under the ADA against Defendants Green, Kumar, Warden of SVSP, Medina, Warden of CMF, Mathis, Malakka, Gallagher, Adams, Singh, Peterson, and Warden of CHCF. See id. Plaintiff's ADA and RA claims, however, were determined to be non-cognizable as against the individual defendants, other state agencies, or the State of California itself. See id. Finally, the Court found that Plaintiff failed to state any cognizable due process claims. See id.

         Plaintiff was provided an opportunity to file a second amended complaint and cautioned that, if no second amended complaint was filed within the time permitted therefor, the action would proceed on the first amended complaint as outlined above and that the Court would recommend dismissal of all other claims/defendants. See id. at 9-10. To date, Plaintiff has not filed a second amended complaint.

         Based on the foregoing, the undersigned orders and recommends as follows:

         1.    It is RECOMMENDED that this action proceed on Plaintiff's first amended complaint as to: (1) Plaintiff's ADA and RA claims against Defendant CDCR; and (2) Plaintiff's ADA retaliation claims against Defendants Green, Kumar, Warden of SVSP, Medina, Warden of CMF, Mathis, Malakka, Gallagher, Adams, Singh, Peterson, and Warden of CHCF.

         2.    It is RECOMMENDED that all other claims/defendants be DISMISSED with prejudice for failure to state a claim.

         3.    It is ORDERED that Defendants file a response to Plaintiff's first amended complaint within 30 days of the date of this order.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections.

///

///

1   Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v.</u>
2   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  June 13, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE