UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>Plaintiff,<br><br>v.<br><br>S. GATES, et al.,<br><br>Defendants. | No. 2:20-cv-02338-DAD-DMC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 36) |

Plaintiff G. Daniel Walker is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("the ADA"); and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* ("the RA"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 20, 2022, the assigned magistrate judge screened plaintiff's first amended complaint and concluded that plaintiff had stated a cognizable claim for disability discrimination in violation of the ADA and RA against defendant Department of Corrections ("CDCR") and for retaliation in violation of the ADA against certain defendants, but that plaintiff had failed to state any other cognizable claims. (Doc. No. 29.) The magistrate judge granted plaintiff leave to file a

1

second amended complaint addressing the deficiencies identified in the screening order within thirty (30) days of the date of that screening order and warned plaintiff that "if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed . . . ." (*Id.* at 9–10.) Plaintiff did not file a second amended complaint. Accordingly, on June 14, 2024, the magistrate judge issued findings and recommendations recommending that this action proceed only on the claims found to be cognizable in the screening order and that all other claims and defendants be dismissed from this action with prejudice due to plaintiff's failure to state a claim. (Doc. No. 36 at 4.)

       The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.[1]

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the undersigned will adopt the pending findings and recommendations in part. For the reasons explained below, the undersigned will decline to adopt the recommendation that plaintiff's ADA and RA disability discrimination claim asserted against defendant State of California be dismissed.

       The screening order underlying the pending findings and recommendations concluded that "[b]ecause it appears that all alleged violations stem from the conduct of CDCR employees or CDCR policies, it is unnecessary for the case to proceed against . . . the individual defendants, or [ ] the State of California." (Doc. No. 29 at 7.) To support this recommendation, the screening order appears to rely on the Ninth Circuit's opinion in *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."). (*See* Doc. No. 29 at 6–7.)

---

[1] On September 5, 2024, plaintiff filed a notice stating that due to his disabilities, "plaintiff will no longer respond to or accept orders, pleadings, [or] letters." (Doc. No. 43.)

1    The court agrees with the pending findings and recommendations' conclusion that the
2 Ninth Circuit's opinion in *Center for Bio-Ethical Reform* supports the dismissal of the individual
3 defendants in this action.  *See, e.g.*, *Millare v. CDCR*, No. 2:22-cv-01862-DJC-KJN, 2023 WL
4 5353215, at *3 (E.D. Cal. Aug. 21, 2023) (citing the Ninth Circuit's opinion in *Center for Bio-*
5 *Ethical Reform* and noting that "[t]his reasoning applies equally to state entities and their
6 officers"); *Mundy v. Cavello*, No. 2:23-cv-00061-WBS-AC, 2024 WL 3700099, at *5 (E.D. Cal.
7 Aug. 7, 2024) ("To the extent plaintiff is asserting his ADA claims against these defendants in
8 their official capacities,[ ] such claims are equivalent to a suit against the entity itself and plaintiff
9 has already named the CDCR as a defendant.  The claims against these defendants are therefore
10 redundant and may be dismissed.") (citing *Ctr. for Bio-Ethical Reform*, 533 F.3d at 799).

11   However, the findings and recommendations do not explain or provide authority in
12 support of the position that the Ninth Circuit's opinion in *Center for Bio-Ethical Reform* permits
13 dismissal of defendant State of California.  To the contrary, district courts in the Ninth Circuit
14 appear to have dismissed only individual defendants in similar circumstances to those presented
15 here.  *See, e.g.*, *Allen v. State of California*, No. 22-cv-01288-RGK-PLA, 2023 WL 3330294, at
16 *4 (C.D. Cal. Feb. 16, 2023) ("Here, because Plaintiff brings its ADA claims against the
17 Remaining Officers in their official capacities, as well as against [the CDCR and the State of
18 California], the Remaining Officers are redundant as defendants.") (citing *Ctr. for Bio-Ethical*
19 *Reform*, 533 F.3d at 799); *Lipsey v. Mahakian*, No. 2:18-cv-00033-AC, 2021 WL 147127, at *3
20 (E.D. Cal. Jan. 15, 2021) ("Thus, because plaintiff has named the CDCR and the State [of
21 California] as defendants, any official capacity ADA claims against any individual defendants are
22 redundant.") (citing *Ctr. for Bio-Ethical Reform*, 533 F.3d at 799).  The court will therefore
23 decline to adopt the recommendation that plaintiff's ADA and RA disability discrimination claim
24 asserted against defendant State of California be dismissed.

25   Accordingly:
26   1.    The findings and recommendations issued on June 14, 2024 (Doc. No. 36) are
27         adopted in part, as follows:
28 /////

3

        a.    This action shall proceed on plaintiff's claim for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("the ADA") and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.*, asserted against defendants Department of Corrections and State of California; and plaintiff's claim for retaliation in violation of the ADA asserted against defendants Green, K. Kumar, Warden of Salinas Valley State Prison, Medina, Warden of California Medical Facility, D Mathis, N. Malakkla, Gallagher, A. Adams, Singh, Peterson, and Warden of California Health Care Facility;

        b.    All other claims brought by plaintiff in this action are dismissed with prejudice;

2.    Defendants S. Gates, A. Abdulbasel, C. McCabe, K. Aye, L. Austin, D. Bright, Secretary of Corrections, Director(s) of Corrections, Special Appearance, R. Burton, and Warden, Corcoran State Prison are dismissed as defendants in this action;

3.    The Clerk of the Court is directed to update the docket to reflect that defendants S. Gates, A. Abdulbasel, C. McCabe, K. Aye, L. Austin, D. Bright, Secretary of Corrections, Director(s) of Corrections, Special Appearance, R. Burton, and Warden, Corcoran State Prison have been terminated from this action;

4.    The Clerk of the Court is directed to update the docket to correct the name of the defendant listed as "N. Malakkla" to:  N. Malakka;

5.    The Clerk of the Court is directed to update the docket to correct the name of the defendant listed as "Department of Corrections" to:  California Department of Corrections; and

/////
/////
/////
/////

6. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **November 19, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE