**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

G. DANIEL WALKER,

Plaintiff,

v.

N. MALAKKA, et al.,

Defendants.

No. 2:20-CV-2338-DAD-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action. On February 2, 2026, the Court ordered Plaintiff to appear at his properly noticed deposition within 60 days of the date of the Court's order. See ECF No. 48. Plaintiff's deposition was noticed to take place on March 13, 2026. See ECF No. 51. According to Defendants, Plaintiff refused to testify at the March 13, 2026, deposition. See id. On June 15, 2026, the Court directed Plaintiff to show cause in writing within 30 days why this action should not be dismissed for lack of prosecution and failure to comply with the Court's February 2, 2026, order. See ECF No. 52. To date, Plaintiff has not filed a response to the Court's order to show cause.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of

prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

In light of Plaintiff's failure to comply with the Court's February 2, 2026, and June 5, 2026, orders, the undersigned recommends that this action be dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE